## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHERI FIORILLI | ) | CASE NO. |
| 1928 Mayview Ave. | ) | |
| Cleveland, OH 44109 | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | **COMPLAINT** |
| 601 Lakeside Ave., Room 106 | ) | |
| Cleveland, OH 44107 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL SIMON | ) | (Jury Demand Endorsed Hereon) |
| C/O City of Cleveland | ) | |
| 601 Lakeside Ave., Room 106 | ) | |
| Cleveland OH 44114 | ) | |

NOW COMES Plaintiff, Cheri Fiorilli by and through her counsel, John W. Gold (#0078414) and for her Complaint, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States and 28 U.S.C. § 1367 which gives the district court supplemental jurisdiction over state law claims.

2. Pursuant to 28 U.S.C. §§ 1391(b)(1)-(2), venue properly lies in this district, where all Defendants reside and in which a substantial part of the events giving rise to the lawsuit took place.

## PARTIES

3. Plaintiff is a citizen of the United States and resides in the County of Cuyahoga, State of Ohio, which is in this judicial district.

4. Defendant City of Cleveland ("Cleveland") is a political subdivision of the State of Ohio, County of Cuyahoga, which is in this district.

5. Defendant Michael Simon is a duly police officer for Defendant City of Cleveland. Defendant Simon is sued in his official and personal capacity with respect to all claims.

## GENERAL ALLEGATIONS

6. On May 5, 2014 Cleveland Police Officer Michael Simon was allegedly investigating the use of a portable basketball hoop in the street on Mayview Avenue in Cleveland, banging on doors and acting in a generally hostile and unprofessional manner.

7. Officer Simon was in a highly agitated mental state, even threatening to use a taser on a nonthreatening eleven year old child during his purported investigation.

8. Plaintiff observed Officer Simon's bizarre behavior and attempted to diffuse the situation by calmly explaining to the officer that she had purchased the hoop for some children in the neighborhood, but that it was never used in the street.

9. Upon being encountered by Plaintiff, Defendant Simon unlawfully demanded that she produce her driver's license, or photo identification, even though Plaintiff was not operating a motor vehicle and had committed no crime.

10. When Plaintiff asked Defendant Simon why she had to produce identification, he told her in a raised voice that if she did not produce identification that she would be "charged with obstruction."

11. Defendant Simon was so close to Plaintiff that his body was touching her breasts during the encounter.

12. When Plaintiff went to her house to obtain her identification, she called Channel 19 News, who promptly dispatched a camera crew to the scene.

13. Video of the incident was captured on cellphone. The images of this encounter, including Defendant Simon hauling the portable basketball hoop down the street from the trunk of his cruiser soon when viral on social media.

14. Plaintiff was cited for a violation of Cleveland Codified Ordinance Section 411.04, which provides that "[n]o person shall fly a kite, or play ball or other game, including playing or using mobile or movable basketball hoops, on any street unless the street has been set aside for playground purposes."

15. Plaintiff did not own the portable basketball hoop in question, nor did she ever play with or otherwise use it in any manner whatsoever on the date in question or any other date.

16. Plaintiff's counsel made several unsuccessful attempts to persuade the City of Cleveland's prosecutor to dismiss the case and spare Plaintiff the expense, aggravation and indignity of having to answer to the meritless charge.

17. The prosecutor refused, citing Plaintiff's contact of the media as the reason that they wished to dismiss the matter on the record on June 17, 2014.

18. The City's decision, in light of the utter frivolity of the charge, can only be construed as malicious, retaliatory and calculated to cause Plaintiff undue expense and aggravation.

## COUNT I

### 42 § U.S.C. § 1983 – FIRST AMENDMENT VIOLATION

19. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

20. Plaintiff's contacting Channel 19 news and dissemination of video of the event is speech protected by the First Amendment to the U.S. Constitution.

21. Plaintiff's First Amendment right to peaceful protest outweighed any interest of the Defendants in suppressing that speech.

22. By their conduct, as described herein, and acting under color of state law to deprive Plaintiffs of her rights to freedom of speech, Defendants suppressed Plaintiff's right to free speech by charging her with a crime without probable cause and then prosecuting that charge with full knowledge that it was meritless and unsubstantiated.

23. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of their First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that she will, again, be subject to similar unlawful acts by Defendant done for the purpose of limiting and preventing their First Amendment protective activities.

24. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT II

### 42 § U.S.C. § 1983 – MALICIOUS PROSECUTION

25. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

26. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation, of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

27. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of her constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

28. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT III

### 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

29. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth

30. At all relevant times herein, Defendant City of Cleveland, acting through its police department, developed, implemented, enforced, encouraged and sanctioned de facto policies,

practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of such rights.

31.     Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

32.     The constitutional abuses and violations by Defendant City of Cleveland, through the actions of its Police Department Defendant Simon are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of Cleveland, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of Cleveland.

33.     Upon information and belief, Defendant City of Cleveland has, acting through its police department, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

34.     Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

## COUNT IV

### COMMON LAW MALICIOUS PROSECUTION

35. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

36. Defendants maliciously instituted a criminal prosecution against Plaintiff.

37. Defendants lacked probable cause to prosecute Plaintiff.

38. The prosecution was terminated in favor of Plaintiff.

39. As a result of Defendants' malicious prosecution of Plaintiff, Plaintiff has suffered damages in the form of annoyance, inconvenience, aggravation, mental distress and economic damage and will continue to suffer said injuries and damages for the foreseeable future.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

41. Defendant Simon intended to cause emotional distress to Plaintiff.

42. The actions of Defendant Simon were so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

43. The actions of Defendant Simon were the proximate cause of mental anguish suffered by Plaintiff.

44. The mental anguish suffered by Plaintiff is serious and of a nature that no reasonable person could be expected to endure it.

45. Plaintiff has suffered injury and damages as a direct and proximate result of Defendant Simon's unlawful and retaliatory conduct, including physical and mental injury, medical bills, loss of wages and benefits, and other damages and will continue to suffer said injuries and damages for the foreseeable future.

## COUNT VI

## RESPONDEAT SUPERIOR

46. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

47. The conduct of Defendant Simon occurred while he was on duty and in uniform, in and during the course and scope of his duties and functions as a City of Cleveland police officer and while he was acting as an agent and employees of the Defendant City of Cleveland. Defendant City of Cleveland.is liable to Plaintiffs under the common law doctrine of respondeat superior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as to all counts as follows:

    A.    Compensatory damages in excess of $75,000.00;

    B.    Statutory damages in excess of $75,000.00;

    C.    Punitive damages in excess of $75,000.00;

    D.    Attorney's fees and costs; and

    E.    Such other relief as this Court deems appropriate.

Respectfully submitted,

JOHN W. GOLD, LLC

/s/ John W. Gold

**JOHN W. GOLD (#0078414)**
101 W. Water St.
Sandusky, OH 44870
Tel:    (419) 871-0249
Fax:    (419) 593-4441
Email: jgold@jwg-law.com
*Attorney for Plaintiff Cheri Fiorilli*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

/s/ John W. Gold

**JOHN W. GOLD (#0078414)**